UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARIA DEVERANT<br>1036 Limekiln Pike<br>Maple Glen, Pennsylvania 19002<br><br>   Plaintiff,<br><br>   versus<br><br>SELECTIVE INSURANCE COMPANY INC.<br>40 Wantage Avenue<br>Branchville, New Jersey 07890<br><br>   Defendant. | CIVIL ACTION NO. 02-CV-3801 |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES, through undersigned counsel, the Defendant, Selective Insurance Company Inc. ("Selective"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and at the expense of the U.S. Treasury,[4] for the purpose of answering the Plaintiff's Complaint and asserting Affirmative Defenses, as follows:

**I. PARTIES AND INTRODUCTIONS**

1. The allegations contained in paragraph 1 of the Plaintiff's Complaint are admitted.

2. The allegations contained in paragraph 2 of the Plaintiff's Complaint are admitted.

---

[1] 42 U.S.C. §4001, *et seq.*
[2] 44 C.F.R. Pt. 62.23(f)
[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998)
[4] 42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Insurance Co.,* 163 F.3d 161 (3rd Cir. 1998)

3. The allegations contained in paragraph 3 of the Plaintiff's Complaint are admitted.

## II.    JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Plaintiff's Complaint are denied as written. However, Defendant Selective admits that this matter will require interpretation of the U.S. Government's National Flood Insurance Act of 1968 ("NFIA") (codified at 42 U.S.C. § 4001, *et seq.*) and the Government's Standard Flood Insurance Program ("SFIP"), which is itself a federal codified law found at 44 C.F.R. Part 61, App. A-1, therefore a federal question is present. Answering further, pursuant to 42 U.S.C. § 4072, this Court has "original exclusive" subject matter jurisdiction over this dispute. See *Van Holt v. Liberty Mutual Ins. Co.*, 163 F.3d 161 (3rd Cir., 1998) (on panel rehearing). Venue is proper in this Court pursuant to 42 U.S.C. § 4072 because the property at issue is located within the geographical jurisdictional limit of this Honorable Court. Additionally, the Standard Flood Insurance Policy contains a choice of law provision which mimics the requirements of 42 U.S.C. § 4072. Finally, this Honorable Court has supplemental jurisdiction over any claims based in state law pursuant to 28 U.S.C. § 1367(a).

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are denied as written. The venue of this Honorable Court is proper pursuant to 42 U.S.C. § 4072 because the property at issue is located within Montgomery County, Pennsylvania which is located within the jurisdictional limits of the Eastern District of Pennsylvania.

## III.    STATEMENT OF CLAIM COUNT 1
   BREACH OF NATIONAL FLOOD INSURANCE ACT

6. The allegations contained in paragraph 6 of the Plaintiff's Complaint are denied for lack of sufficient information. Answering further, Defendant Selective admits that Plaintiff purchased a Standard Flood Insurance Policy bearing policy number 0000053489 for Plaintiff's residence located at 1036 Linekiln Pike, Maple Glen, Montgomery County, Pennsylvania.

7. The allegations contained in paragraph 7 of the Plaintiff's Complaint are admitted. Answering further, the Insuring Agreement of the Plaintiff's SFIP insures "against all direct physical loss by or from flood" as defined by the terms of the policy.

8. The allegations contained in paragraph 8 of the Plaintiff's Complaint are denied as written. Answering further, Defendant admits that the Plaintiff sustained some damage as the result of the remnants of Tropical Storm Allison.

9. The allegations contained in paragraph 9 of the Plaintiff's Complaint are denied for a lack of sufficient information to justify a belief therein.

10. The allegations contained in paragraph 10 of the Plaintiff's Complaint are denied for a lack of sufficient information to justify a belief therein.

11. The allegations contained in paragraph 11 of the Plaintiff's Complaint are denied for a lack of sufficient information to justify a belief therein.

12. The allegations contained in paragraph 12 of the Plaintiff's Complaint are denied for a lack of sufficient information to justify a belief therein.

13. The allegations contained in paragraph 13 of the Plaintiff's Complaint are admitted. Answering further, while Plaintiff did notify Defendant Selective soon after the date of her loss, such notification did not contain details, documentation, or a Proof of Loss so as to satisfy the requirements for payment under the SFIP.

14. The allegations contained in paragraph 14 of the Plaintiff's Complaint are denied as written.

15. The allegations contained in paragraph 15 of the Plaintiff's Complaint are denied.

16. The allegations contained in paragraph 16 of the Plaintiff's Complaint are denied as written.

17. The allegations contained in paragraph 17 of the Plaintiff's Complaint are denied.

18. The allegations contained in paragraph 18 of the Plaintiff's Complaint are denied for a lack of sufficient information to justify a belief therein.

19. The allegations contained in paragraph 19 of the Plaintiff's Complaint are denied for a lack of sufficient information to justify a belief therein.

20. The allegations contained in paragraph 20 of the Plaintiff's Complaint are denied as written.

21. The allegations contained in paragraph 21 of the Plaintiff's Complaint are denied. Answering further, on information and belief, Plaintiff, through her attorney, sent a letter to Ed Horn at Insurance Network Services ("INS"), an independent adjusting company regarding her claim. The allegations regarding supporting documentation and invoices is denied for lack of sufficient information or knowledge to justify a belief therein.

22. Defendant Selective admits that numerous communications were exchanged between the parties in an attempt to resolve the coverage issues. All other allegations contained in paragraph 22 of the Plaintiff's Complaint are denied.

23. The allegations contained in paragraph 23 of the Plaintiff's Complaint are denied.

24. The allegations contained in paragraph 24 of the Plaintiff's Complaint are denied.

25. The allegations contained in paragraph 25 of the Plaintiff's Complaint are denied.

26. The allegations contained in paragraph 26 of the Plaintiff's Complaint are denied.

27. The allegations contained in paragraph 27 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to any of the relief contained in the Prayer for Relief and all subparts thereto following paragraph 27 of the Plaintiff's Complaint.

## COUNT I(A)
## BREACH OF CONTRACT

Plaintiff's Complaint contains two sections labeled as "COUNT I". In an effort to avoid confusion, Defendant Selective will label the second "COUNT I", which deals with Breach of Contract as "COUNT I(A)."

28. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 27 as if fully set forth herein as its Answer to paragraph 28.

29. The allegations contained in paragraph 29 of the Plaintiff's Complaint are denied.

30. The allegations contained in paragraph 30 of the Plaintiff's Complaint are denied as written.

31. The allegations contained in paragraph 31 of the Plaintiff's Complaint are denied as written.

32. The allegations contained in paragraph 32 of the Plaintiff's Complaint are denied.

33. The allegations contained in paragraph 33 of the Plaintiff's Complaint are denied.

34. The allegations contained in paragraph 34 of the Plaintiff's Complaint are denied. Defendant Selective denies that Plaintiff is entitled to the relief contained in the Prayer for Relief following paragraph 34 of the Plaintiff's Complaint.

## COUNT II
## BAD FAITH

35. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 34 as if fully set forth herein as its Answer to paragraph 35.

36. Paragraph 36 of the Plaintiff's Complaint does not appear to require an answer from Defendant Selective. However, out of an abundance of caution denied.

37. The allegations contained in paragraph 37 of the Plaintiff's Complaint and all subparts thereto are denied.

38. The allegations contained in paragraph 38 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to any of the relief contained in the Prayer for Relief and all subparts thereto following paragraph 38 of the Plaintiff's Complaint.

## COUNT III
## CONSUMER PROTECTION LAW

39. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 38 as if fully set forth herein as its Answer to paragraph 39.

40. The allegations contained in paragraph 40 of the Plaintiff's Complaint are denied.

41. The allegations contained in paragraph 41 of the Plaintiff's Complaint and all subparts thereto are denied.

Defendant Selective denies that Plaintiff is entitled to any of the relief contained in the Prayer for Relief and all subparts thereto following paragraph 41 of the Plaintiff's Complaint.

## COUNT IV
## UNFAIR INSURANCE PRACTICES ACT

42. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 41 as if fully set forth herein as its Answer to paragraph 42.

43. The allegations contained in paragraph 43 of the Plaintiff's Complaint are denied.

44. The allegations contained in paragraph 44 of the Plaintiff's Complaint including all subparts thereto are denied.

Defendant Selective denies that Plaintiff is entitled to the relief contained in Prayer for Relief following paragraph 44 of the Plaintiff's Complaint.

## COUNT V
## BREACH OF FIDUCIARY DUTY

45. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 44 as if fully set forth herein as its Answer to paragraph 45.

46. The allegations contained in paragraph 46 of the Plaintiff's Complaint are denied.

47. The allegations contained in paragraph 47 of the Plaintiff's Complaint are denied.

48. The allegations contained in paragraph 48 of the Plaintiff's Complaint and all subparts thereto are denied.

49. The allegations contained in paragraph 49 of the Plaintiff's Complaint are denied.

50. The allegations contained in paragraph 50 of the Plaintiff's Complaint are denied.

51. The allegations contained in paragraph 51 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to the relief claimed in the Prayer for Relief following paragraph 51 of the Plaintiff's Complaint.

## COUNT VI
## GOOD FAITH AND FAIR DEALING

52. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 51 as if fully set forth herein as its Answer to paragraph 52.

53. The allegations contained in paragraph 53 of the Plaintiff's Complaint are denied.

54. The allegations contained in paragraph 54 of the Plaintiff's Complaint are denied.

55. The allegations contained in paragraph 55 of the Plaintiff's Complaint are denied.

56. The allegations contained in paragraph 56 of the Plaintiff's Complaint are denied as written.

57. The allegations contained in paragraph 57 of the Plaintiff's Complaint are denied.

58. The allegations contained in paragraph 58 of the Plaintiff's Complaint and all subparts thereto are denied.

59. The allegations contained in paragraph 59 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to the relief claimed in the Prayer for Relief following paragraph 59 of the Plaintiff's Complaint.

## COUNT VII
## FRAUD – INTENTIONAL MISREPRESENTATION

60. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 59 as if fully set forth herein as its Answer to paragraph 60.

61. The allegations contained in paragraph 61 of the Plaintiff's Complaint are denied.

62. The allegations contained in paragraph 62 of the Plaintiff's Complaint are denied.

63. The allegations contained in paragraph 63 of the Plaintiff's Complaint are denied.

64. The allegations contained in paragraph 64 of the Plaintiff's Complaint are denied.

65. The allegations contained in paragraph 65 of the Plaintiff's Complaint are denied.

66. The allegations contained in paragraph 66 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to the relief claimed in the Prayer for Relief following paragraph 66 of the Plaintiff's Complaint.

## COUNT VIII
## FRAUD - NEGLIGENT MISREPRESENTATION

67. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 66 as if fully set forth herein as its Answer to paragraph 67.

68. The allegations contained in paragraph 68 of the Plaintiff's Complaint are denied.

69. The allegations contained in paragraph 69 of the Plaintiff's Complaint are denied.

70. The allegations contained in paragraph 70 of the Plaintiff's Complaint are denied.

71. The allegations contained in paragraph 71 of the Plaintiff's Complaint are denied.

72. The allegations contained in paragraph 72 of the Plaintiff's Complaint are denied.

73. The allegations contained in paragraph 73 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to the relief claimed in the Prayer for Relief following paragraph 73 of the Plaintiff's Complaint.

## COUNT IX
## PUNITIVE DAMAGES

74. Defendant Selective incorporates and reasserts its Answers to paragraphs 1 through 73 as if fully set forth herein as its Answer to paragraph 74.

75. The allegations contained in paragraph 75 of the Plaintiff's Complaint are denied.

76. The allegations contained in paragraph 76 of the Plaintiff's Complaint and all subparts thereto are denied.

77. The allegations contained in paragraph 77 of the Plaintiff's Complaint are denied.

Defendant Selective denies that Plaintiff is entitled to the relief claimed in the Prayer for Relief following paragraph 77 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Plaintiffs fail to state a claim upon which this Honorable Court may grant relief. Thus, Plaintiffs have no cause of action and no right of action as to Defendant Selective.

### Second Defense

SFIP Article 7J4.[5]  Plaintiff failed to provide a complete, timely, signed and sworn Proof of Loss in support of the claims they are now making under the SFIP.

### Third Defense

SFIP Article 5A and the Insuring Agreement of the Plaintiff's SFIP insures "against all direct physical loss by or from flood to the insured property" and then only to the extent permitted by the SFIP; FEMA's rules, regulations and interpretations; and the terms of the National Flood Insurance Act of 1968, as amended.  Therefore, any damages not caused *directly* by or from flood are not afforded coverage under the SFIP.

### Fourth Defense

SFIP Article 5A2.  The SFIP does not pay for loss of access to the insured property.

### Fifth Defense

SFIP Article 5A5.  The SFIP does not pay for any additional living expenses incurred while the insured building is being repaired or is uninhabitable for any reason.

---

[5]The SFIP underwent a revision which went into effect on December 31, 2000.  Selective believes that the newer version of the policy is at issue in this case because the effective dates of that policy were January 28, 2001 through January 28, 2002.  However, if the older version of the SFIP is found to have been effective at the time of the flood, Defendant Selective hereby pleads (in all instances in this Answer) the parallel provisions raised herein and found in the "old" version of the SFIP in the alternative.

### Sixth Defense

SFIP Article 5C(1-6). The SFIP does not pay for loss to property caused directly by earth movement except for the limited exception noted in the paragraph following SFIP Article 5C6. The exception does not apply to Plaintiff's property.

### Seventh Defense

SFIP Article 5D(4)(a). The SFIP does not pay for direct physical loss to property caused directly or indirectly by water, moisture, mildew or mold damage that results from any condition substantially confined to the dwelling. This exclusion applies to design, structural or mechanical defects, failures, stoppages or breakages of water or sewer lines, drains, pumps, fixtures or equipment.

### Eighth Defense

SFIP Article 4(1). The SFIP does not pay for personal property not inside a building.

### Ninth Defense

SFIP Article 4(6). The SFIP does not pay for landscaping including, but not limited to trees, shrubs, and plants.

### Tenth Defense

SFIP Article 7B in its entirety. The SFIP is void and without effect if insured intentionally concealed or misrepresented any material fact or circumstance; engaged in fraudulent conduct; or made false statements relating to her property.

### Eleventh Defense

SFIP Article 3A8 in its entirety. The SFIP only allows limited coverage for property loss occurring in a basement.

### Twelfth Defense

SFIP Article 7C. If a loss covered by the SFIP is also covered by other insurance, the SFIP will only pay the proportion of the loss that the amount of insurance that applies under this policy bears to the total amount of insurance covering the loss, subject to certain conditions.

### Thirteenth Defense

SFIP Article 7P. The SFIP has a limited appraisal clause that applies when there is a dispute as to valuation, but not as to coverage.

### Fourteenth Defense

The Standard Flood Insurance Policy in question in this lawsuit was written by the United States Government (not by Selective), pursuant to 42 U.S.C. §4013. As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the NFIP. Furthermore, 44 C.F.R., Pt. 61, App. A(1), Art. 11 - What Law Governs, clearly states that the Flood Policy "is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*) and Federal common law."

### Fifteenth Defense

The provisions of the Flood Policy, as an insurance policy issued pursuant to a federal program, must be strictly construed. *Gowland*, 143 F.3d at 953; *Mancini v. Redlands Ins. Co.*, 248 F.3d 729 (8 th Cir. 2001); *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380 (1947); *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990). Further, claims payments pursuant to the Flood Program are paid out of the U.S. Treasury. See 44 C.F.R. §62.23(i)(1) and (6), and 44 C.F.R, Pt. 62, App. A, Art. 2(F) and Art. 3(C) and (D). Accordingly, the rule of strict construction and interpretation of the policy provisions, as well as strict compliance with said provisions, are required of the parties. *Mancini, supra; Flick v. Liberty Mut. Ins. Co.*, 205 F.3d 386 (9th Cir. 2000), *cert. denied* 531 U.S. 927 (2000).

### Sixteenth Defense

No part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by Selective. No action Selective takes can constitute a waiver of any of its rights. As a matter of federal law, the only person who may make any type of waiver or amendment to the flood policy is the Federal Insurance Administrator, and this must be done in writing. See 44 C.F.R., Pt. 61, App. A(1), Art. 9(D) and 44 C.F.R. §61.13(d). To date, no evidence of any such waiver has been presented to Selective.

### Seventeenth Defense

The question of whether the Plaintiffs are entitled to anything, and if so how much, is strictly governed by the Policy's declarations page, and all of the Policy's terms and conditions as set forth in the Standard Flood Insurance Policy at 44 C.F.R. Pt. 61, App. A(1), together with all applicable provisions of the Code of Federal Regulations as well as the National Flood Insurance Act itself. The rule of strict construction governs both parties' actions under the Policy.

### Eighteenth Defense

All persons are charged with knowledge of the published federal laws and what is required of them by such laws. Because the Plaintiffs' Flood Policy is codified federal law, i.e., 44 C.F.R, Pt. 61, App. A(1), they are charged with the knowledge of the provisions and requirements of the Policy. *Merrill*, 332 U.S. at 384-85. Accordingly, failure to comply with the provisions of the Policy is solely the responsibility of the Plaintiffs. Therefore, Defendant Selective is in no way liable for the actions or inactions by the Plaintiffs in the instant flood claim.

### Nineteenth Defense

Pursuant to 44 C.F.R. §61.5(e), coverage under the SFIP is authorized only under the terms and conditions established by federal statute, the Program's regulations, the Federal Insurance Administrator's interpretations, and the express terms of the SFIP itself. Accordingly, representations regarding the extent and scope of coverage which are not consistent with the National Flood Insurance Act of 1968, as amended, or the Program's regulations, are void.

### Twentieth Defense

All state law based extra-contractual claims, are preempted and barred by federal constitutional, statutory and regulatory law. See *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 99 S.Ct. 1424 (1979); *Neill v. State Farm*, 2000 WL 1886573 (E.D. Pa. 2000); *Messa v. Omaha Property & Casualty Ins. Co.*, 122 F.Supp.2d 513 (D. N.J. 2000); *Durkin v. State Farm Fire and Cas. Co.*, 3 F.Supp.2d 724 (E.D.La. 1997), *aff'd* 141 F.3d 1163 (5th Cir.

1998).  The States do not have the right or authority to regulate the U.S. Government's flood insurance program operated and funded with U.S. Treasury funds.  See the McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, specifically U.S.C. § 1012(b).

### Twenty-First Defense

The Appropriations Clause of the U.S. Constitution and the Separation of Powers Doctrine prohibit the awarding of any amounts to the plaintiffs.

### Twenty-Second Defense

Defendant avers that there lack of causation of damages which would permit All necessary conditions precedent to the payment of U.S. Treasury funds under the SFIP have not been met pursuant to Article 7J of the SFIP. payment under the SFIP.

### Twenty-Third Defense

Defendant Selective is the fiscal agent of the United States for purposes of the National Flood Insurance Act.  Defendant Selective therefore has a fiduciary relationship with the U.S. government and not insured.

WHEREFORE, the Defendant, Selective Property and Casualty, prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein in favor of the Defendant, and against the Plaintiff, dismissing the Plaintiff's demand at her cost, and for all general and equitable relief.

    Respectfully submitted,

_____
DANIEL KREBBS
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1845 Walnut St., 21st Fl.
Philadelphia, Pennsylvania 19103
Telephone: 215-575-2793
Local Counsel for Defendant,
Selective Insurance Company, Inc.

NIELSEN LAW FIRM
Gerald J. Nielsen     La.S.B. # 17078
Attorney-in-Charge
The Pelican Building
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
(504) 837-2500
(504) 832-9165 FAX
Of Counsel

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served on Plaintiff's counsel, Patrick G. Murphy, Esq., Kelley and Murphy, Union Meeting Corporate Center V, 925 Harvest Drive, Suite 160, Blue Bell, Pennsylvania 19422.

                                                                                                      _____
                                                                                                                DANIEL D. KREBBS, ESQUIRE

Date: _____

\01_21\LIAB\DDK\LLPG\350426\KSZ\15036\00113