UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                :

| | |
|---|---|
| MARIA DEVERANT : | |
| 1036 Limekiln Pike : | CIVIL ACTION NO. 02-CV-3801 |
| Maple Glen, Pennsylvania 19002 : | |
| : | |
| Plaintiff, : | |
| : | |
| versus : | |
| : | |
| SELECTIVE INSURANCE COMPANY : | |
| INC. : | |
| 40 Wantage Avenue : | |
| Branchville, New Jersey 07890 : | |
| : | |
| Defendant. : | |

_____ :

## REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 12(b)(6) and 12(c) MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes Defendant, Selective Insurance Company, Inc., which respectfully files this Reply Memorandum to Plaintiff's Opposition to Defendant's Rule 12(b)(6) and 12(c) as follows:

### Objections to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss

First Objection.    Defendant objects to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss as Plaintiff is clearly, for the first time, asserting new claims of fraud and misrepresentation relating to the procurement of the Standard Flood Insurance Policy ("SFIP").   However, a Memorandum in Opposition to a dispositive motion is not the proper vehicle to amend pleadings.  See *Commonwealth of Pennsylvania ex. rel. Leroy S. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173 (3rd Cir. 1988); *Sansom Comm. V. Lynn*, 366 F.Supp. 1271, 1278 (E.D.Pa. 1973); *Sabatini v. Reinstein*, 1999 WL 636667 at FN 3 (E.D. Pa.).

Second Objection. Defendant does not consent to the trial of such new claims of fraud in the procurement of the policy in this case. As such, Defendant objects to the inclusion of any type of policy procurement issues, as Plaintiff never raised such issues in Plaintiff's Complaint. Without waiving the foregoing objections, Defendant responds to the Plaintiff's Opposition to Defendant's Motion to Dismiss as follows:

## **ARGUMENT**

At the outset, Defendant asserts that since Plaintiff has agreed that Counts II through VI which apply to bad faith claims handling are preempted and has withdrawn these counts, it is respectfully requested that this Honorable Court grant the Motion to Dismiss as to Counts II through VI. The rest of this Reply Memorandum will address Counts VII, VIII and IX of the Plaintiff's Complaint.

**I.  Counts VII and VIII allege fraud and misrepresentation arising out of the claims handling of the flood loss claim and not policy procurement.**

Federal law governs disputes over claims handling under a Standard Flood Insurance Policy issued pursuant to the National Flood Insurance Act of 1968. See *Neill v. State Farm*, 159 F.Supp.2d 770 (E.D.Pa. 2000); 3*608 Sounds Avenue v. South Carolina Ins. Co.*, 58 F.Supp.2d 499 (D.C.N.J. 1999). See also Exhibit 1 attached to Defendant's original Memorandum in Support. In this case, Plaintiff does not dispute that issues regarding claims handling under the National Flood Insurance Program are preempted by federal law. The only argument Plaintiff makes with regard to Counts VII, VIII and IX is that these counts also address issues of fraud and misrepresentation in the procurement of the SFIP. Therefore, these counts are not preempted as per *Spence v. Omaha*, 996 F.2d 793 (5th Cir. 1993). However, even a cursory review of the pleadings will show that Plaintiff has never pled any facts regarding any alleged fraud and misrepresentation in the procurement of the SFIP. As such, the notice pleading requirements

found in Fed.R.Civ.P. Rule 8 and the heightened pleading requirement of Fed.R.Civ.P. Rule 9(b) have not been met.  Consequently, this argument is without merit.

In Plaintiff's Complaint, Plaintiff specifically pled Counts VII, VIII and IX as follows: Count VII – Fraud – Intentional Misrepresentation; Count VIII – Fraud – Negligent Misrepresentation; Count IX - punitive damages.    Plaintiff argues that Counts VII and VIII should not be preempted as the allegations contained therein address issues of bad faith claims handling and misrepresentation of policy provisions/fraudulent policy procurement.    The allegations of fraud and misrepresentation are found in Paragraphs 60 through 73 of the Plaintiff's Complaint.    Defendant submits that the relevant paragraphs relating to the fraud and misrepresentation are found in paragraphs 61, 63, 68 and 70 and will address those paragraphs.

Paragraphs 61 and 68 of the Plaintiff's Complaint are identical and state as follows: "Plaintiff relied on defendant's representations and promises regarding the nature and scope of the defendant's claims handling procedures and flood policy coverage, and among other things, expected defendant to respond to her claims in a consistent and uniform manner and at a minimum, to handle claims reasonably, thoroughly and in good faith."  Paragraphs 63 and 70 are identical and state as follows: "Defendant made misrepresentations regarding, *inter alia*, the nature and scope of defendant's claims handling procedures and flood policy coverage." Clearly, these allegations concern the post-loss handling of the flood claim.

Plaintiff wants to point to these few sentences and argues that these sentences present a policy procurement claim.  However, these paragraphs must be read *in pari materia* with the rest of the Complaint.  When read it its entirety, it is clear that nowhere in these paragraphs or anywhere else in the Complaint does the Plaintiff make any allegations of fraud and misrepresentation in the procurement of the flood policy.    Everything alleged by the Plaintiff

relates to claims handling when the pleadings are read in its entirety.  Whether the flood policy provides coverage for a flood claim is an issue arising out of claims handling.  See *Miller v. Omaha Prop. & Cas. Ins. Co.*, H-95-4942, Magistrate Judge Nancy K. Johnson Decision (S.D.Tx. August 13, 1997), adopted by District Judge Sim Lake (S.D.Tx. September 4, 1997) wherein Judge Johnson held that claims involving the interpretation of policies issued under the National Flood Insurance Program must be governed by federal law.   As such, based on established jurisprudence in the U.S. Third Circuit[1] as well as other circuits[2] establishing that claims involving the interpretation and coverage of policies issued under the National Flood Insurance Program must be governed by federal law, Counts VII and VIII concerning post-loss claims handling issues are preempted by federal law.

Defendant submits that even if the Plaintiff did make a claim for fraud and misrepresentation in the procurement of the flood policy in her Complaint, it must fail as a matter of law.   How can the Plaintiff have the terms of the SFIP misrepresented when:  (1) as a matter of law, the insurance agent acts as the agent of the insured, not Selective as per 44 C.F.R. §61.5(e);  (2) any representations regarding the extent and scope of coverage which are inconsistent with the terms of the SFIP are void as a matter of law as per 44 C.F.R. §61.5(e). See also, *Messa, infra*; and (3) all persons are charged with knowledge of the terms and conditions of their flood policy as it is a federal law codified at 44 C.F.R. Pt. 61, App. A(1)?  See *Federal Crop Ins. Corp. v. Merrill*, 68 S.Ct. 1 (1947); *Messa v. Omaha Prop. & Cas. Co.,* 122 F.Supp.2d 513 (affirmed by the U.S. Third Circuit in an unpublished decision which is attached as Exhibit 3

---

[1] See *Messa v. Omaha Prop. & Cas. Co.,* 122 F.Supp.2d 513 (D.N.J. 2000), *Neill, supra* and *3608 Sounds Ave., supra*.

[2]  See *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. den.*, 99 S.Ct. 1424 (1979); *Jamal v. Travelers,* 129 F.Supp.2d 1024 (S.D.Tx. 2001); and *Scherz v. South Carolina Ins. Co.*, 112 F.Supp.2d 1000 (C.D.Cal.2000).

to Defendant's original Memorandum in Support), citing *Heckler v. Community Health Services*, 104 S.Ct. 2218 (1984); and *Brookville Mining Equip. Corp. v. Selective Ins. Co.*, 74 F.Supp.2d 477 (W.D.Pa. 1999).

## II.    Plaintiff failed to meet the Rule 9(b) pleadings requirement.

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Plaintiff's Complaint.   The Court must accept as true the factual allegations as opposed to wholly conclusory allegations as found in the Complaint. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Schrob v. Catterson*, 948 F.2d 1402 (3rd Cir. 1991). See also, *Neill, supra*. As shown in Section I, the claims asserted by the Plaintiff concern post-loss claims handling, not policy procurement.   In the instant lawsuit, there are no factual allegations upon which to premise a claim for fraud or misrepresentation regarding the procurement of the flood policy that meet the heightened pleading requirements of Fed.R.Civ.P. Rule 9(b).   No facts are pled by the Plaintiff either in the Complaint or in the Memorandum in Opposition to the instant Motion to Dismiss.  As such, Counts VII and VIII must be dismissed.

Further, Defendant submits that even if the Plaintiff had pled fraud and misrepresentation relating to the procurement of the flood policy in her Complaint (which Defendant specifically denies), Plaintiff has failed to meet the heightened pleading requirements of Fed.R.Civ.P. Rule 9(b).  Rule 9(b) states:  "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.   Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. Rule 9(b).   Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *In re Rockefeller Center Properties Securities*

*Litigation,* 311 F.3d 198, 215 (3rd Cir. 2002), citing *In re Nice Systems*, 135 F.Supp.2d 551, 577 (D.N.J. 2001). "Boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *In re Rockefeller, supra*, citing *In re Burlington*, 114 F.3d 1410, 1418 (3rd Cir. 1997).

Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage. See *In re Rockefeller, supra*, citing *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 284 (3rd Cir. 1992). With regard to the showing of specificity, the court has held that Rule 9(b) requires plaintiffs to identify the source of the allegedly fraudulent misrepresentation or omission. *In re Rockefeller*, 311 F.3d at 215. See also, *Klein v. General Nutrition Cos., Inc.*, 186 F.3d 338, 345 (3rd Cir.1999) (Fed.R.Civ.P. Rule 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.")

In the instant matter, a review of the Plaintiff's Complaint and Plaintiff's Opposition shows that contrary to the Plaintiff's arguments, Plaintiff has not met the standards for setting forth a fraud claim for issues relating to the procurement of the SFIP. As such, the claims are due to be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6).

## III.    Punitive damages are not recoverable under the National Flood Insurance Program.

There is no authorization within the statutes or the regulations of the NFIA that allow the recovery of any form of punitive damages. *Eddins v. Omega Insurance Company*, 825 F.Supp. 752, 754 (N.D.Miss. 1993); *Messa,* 122 F.Supp.2d at 523; *Durkin v. State Farm Mutual Ins. Co.*, 3 F.Supp.2d 724, 729 (E.D.La. 1997), *aff'd*, 141 F.3d 1163 (5th Cir. 1998). According to the *Eddins* Court:

The threat of punitive damages deters insurance companies, who would be otherwise unjustly enriched, from arbitrarily denying claims that rightfully should be paid.  **A private insurer does not have a pecuniary incentive to deny a claim under a policy issued through the National Flood Insurance Act.  Any claim would be paid by the Federal Government** ...[Therefore] allowing punitive damages to be recoverable under the [NFIA] would simply defeat the philosophy behind the program.  (emphasis added)

*Eddins, supra* at 754.

"Damages recoverable under the NFIA are 'pecuniary in nature, not personal, and the amount is based upon the readily ascertainable value of services and property'." *West, supra* at 883.  Therefore, allowing punitive damages to be recoverable under the Act "would simply defeat the philosophy behind the Program." *Eddins, Id.*  Federal law does not allow for punitive damages arising out of the claims handling of a flood loss claim.  Further, Plaintiff has cited no controlling authority that would allow such recovery.

## CONCLUSION

Nowhere in Plaintiff's Complaint does Plaintiff allege fraud and misrepresentation in the pre-loss procurement of the flood policy.  When the pleadings are read in its entirety, it is clear that all allegations of fraud and misrepresentation arise out of the post-loss claims handling of the Plaintiff's flood loss claim and whether such claims are covered under the flood policy.  As such, based on Plaintiff's own admission that issues regarding the claims handling of a claim under the National Flood Insurance Program are preempted by federal law and established jurisprudence, Counts VII and VIII should be preempted.  Plaintiff has also failed to meet the requirements of Fed.R.Civ.P. Rule 9(b).  Further, punitive damages are not recoverable for claims made under the National Flood Insurance Program as they are preempted.  Therefore, Defendant, Selective Insurance Company, Inc., prays that for the reasons assigned herein and in

Defendant's original Memorandum in Support, this Honorable Court issue an Order dismissing

Counts VII, VIII and IX as failing to state a claim and as being preempted by federal law.

Dated:  December _____, 2002.

Respectfully submitted,

_____

DANIEL KREBBS
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut St., 21st Fl.
Philadelphia, Pennsylvania 19103
Telephone: 215-575-2793
Local Counsel for Defendant,
Selective Insurance Company, Inc.

NIELSEN LAW FIRM, LLC
Gerald J. Nielsen  La.S.B. # 17078
Attorney-in-Charge
The Pelican Building
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
(504) 837-2500
(504) 832-9165 FAX
Of Counsel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served on Plaintiff's counsel, Patrick G. Murphy, Esq., Kelley and Murphy, Union Meeting Corporate Center V, 925 Harvest Drive, Suite 160, Blue Bell, Pennsylvania 19422.

Done, this ____ day of December, 2002

Daniel Krebbs