IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA DEVERANT : | |
| : | CIVIL ACTION |
| : | |
| v. : | |
| : | No. 02-CV-3801 |
| SELECTIVE INSURANCE CO., INC. : | |
| : | |

**MEMORANDUM**

Defendant Selective Insurance Co., Inc. moves to dismiss the complaint under both Fed. R. Civ. P. 12(b)(6) and (c) [1] and for summary judgment under Fed. R. Civ. P. 56. [2] Given that factual matters have been proffered, disposition will be made on the summary judgment motion only. See Fed. R. Civ. P. 12(b)(6).

This is an action under an insurance policy issued to plaintiff Maria Deverant by defendant pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 et seq. The complaint also contains state law claims of bad faith, violations of the Pennsylvania Consumer Protection Law, unfair insurance practices, breaches of fiduciary duty, good faith and fair dealing, fraud - intentional and negligent

---

[1] Motions under Fed. R. Civ. P. 12(b)(6)(to dismiss for failure to state an actionable claim) and 12(c)(for judgment on the pleadings) may be granted if viewing the allegations and all inferences in favor of the non-movant there is no material issue of fact to resolve, and the moving party is entitled to judgment as a matter of law. Leamer v. Fauver, 288 F. 3d 532, 535 (3d Cir. 2002).

[2] Summary judgment is appropriate where no genuine issue exists as to any material fact and it can be said with certainty that the movant is entitled to judgment. Romero v. SmithKline Beecham, 309 F.3d 113, 117 (3d Cir.2002). All facts and reasonable inferences must be viewed favorably to the non-moving party. Curley v. Klem, 298 F.3d. 271, 276 (3d Cir. 2002)

misrepresentation - together with punitive damages.  Jurisdiction is federal question and diversity. U.S.C. §§ 1331 and 1332 .  Defendant's position is: 1) plaintiff failed to file a timely proof of loss as required by the insurance policy,  and 2) the state claims are pre-empted by federal law.

On June 16, 2001, plaintiff's home was damaged during Tropical Storm Allison. About June 19, 2001, when plaintiff submitted a "Property Loss Notice," defendant wrote back that the matter was being referred to an outside claims adjuster and added that a proof of loss form must be filed.  When the adjuster, David Fleser, prepared a proof of loss for damages of between $1,836.12 and $1,957.67, plaintiff refused to sign and engaged an attorney.

On July 31, 2001, the attorney wrote to Fleser disputing his damages evaluation.  About August 10, 2001, he notified defendant in writing that plaintiff's claim was "greater than $30,000" and submitted supporting  documentation and invoices. In August, a Federal Emergency Management Agency investigator who inspected the loss filed an estimate of damages of $37,171.  On August 13, 2001, plaintiff's attorney, having obtained the report through the Freedom of Information Act, forwarded it to defendant.

Defendant continued to dispute the amount of plaintiff's damages. About September 19, 2002, her attorney submitted her proof of loss in the amount of $36,281.66.  Defendant denied the claim, noting that the proof of loss had not been filed within the requisite 60 days, i.e., no later than August 15, 2001. [3]

---

[3] About October 10, 2001, the insurance adjuster wrote to plaintiff's attorney that under the NFIP a proof of loss was required within 60 days of the loss and that there had been no waiver by the insurer.  On November 13, 2001, a second adjuster visited the property.  On February 7, 2002, he prepared and forwarded to the defendant a proof of loss for $737.31 with a recommendation to pay that amount, which plaintiff rejected.

Discussion

Under Article VII(J) of the Standard Flood Insurance Policy, the insured is advised:

> (J) Requirements in Case of Loss:  In case of a flood to the insured property, you must:
>
> (4) Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> . . . .

Plaintiff contends that she substantially complied with (J)(4) and that defendant had notice of her claim within 60 days of the loss and waived any belatedness.

Because the insurance policy was issued as part of the National Flood Insurance Program, a creature of federal law, 42 U.S.C. § 4002 et seq., its provisions must be strictly construed. See Kennedy v. CNA Ins. Co., 969 F.Supp. 931, 935 (D. N.J. 1997), *aff'd w/o opn* 156 F. 3d 1225 (3d Cir. 1998) *cited in* Manhood v. Omaha Property and Casualty, 174 F.Supp. 2d 284, 289 (E.D. Pa. 2001); Messa v. Omaha Property and Casualty Insurance Company, 122 F.Supp. 2d 523, 528 (D.N.J. 2000). The NFIP was enacted by Congress and is administered by FEMA; claims are paid by the U.S. Treasury. See 44 C.F.R. Pt. 62, App. A, Art. III(D)(1); Van Holt. V. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165 (3d Cir. 1998) . Defendant is a participant in FEMA's "Write-Your Own" program, in which a private insurance carrier is authorized to issue a Standard Flood Insurance Policy under the NFIP, acting as fiscal agent of the United States.  Any amendment or waiver of the policy's provisions must be expressly approved in writing by the Federal Insurance Administrator,  44 C.F.R. Pt. 61, App. A(1), Art. VII(D), and 44 C.F.R. § 61.13(d), which did not.

Under the facts of this case and the caselaw, plaintiff's claim is barred by the 60-day proof of loss provision of (J)(4), her proof of loss having not been filed until September 19, 2001, some 92 days after the storm occurred.  It has been held that even a sworn statement by an insured's attorney, with supporting documentation, will not suffice.  Holeman v. Director, Federal Emergency Management, 699 F. Supp. 98, 99 (N.D. Tex. 1988). Anything other than the insured's signed, sworn proof of loss is insufficient. See  Peterson v. National Flood Ins. Program, 200 F.Supp. 2d 499, 504 (E.D. Pa. 2002).  Accordingly, defendant's motion for summary judgment on the NFIP claim must be granted.

Defendant also moves for summary judgment on the state law claims based on NFIP pre-emption.  Plaintiff concedes that federal law preempts Counts II through VI, but not Counts VII through IX,  fraud - intentional and negligent misrepresentation -  and punitive damages inasmuch as these allegations pertain to procurement of the policy. [4]

A WYO insurer may not be sued in a state law action involving the *handling* of claims. Neill v. State Farm Fire & Cas. Co., 159 F. Supp. 2d 770, 776 (E.D. Pa. 2000); Messa v. Omaha Property & Casualty Ins. Co.,  122 F. Supp. 2d 513, 521 (D.C. N.J. 2000); 3608 Sounds Ave. Condo Assoc. v. South Carolina Ins. Co., 58 F. Supp. 2d 499, 501 (D.C.N.J. 1999).  However, Neill,  Messa, citing Spence v. Omaha Indemnity Insurance Co., 966 F.2d 793, 795 (5th Cir. 1993), and 3608 Sound distinguished handling of claims from misrepresentations during policy procurement. "Policy

---

[4] Plaintiff's brief in effect concedes that the policy handling claims allegations set forth in counts VII-IX are also pre-empted.  Remaining are the alleged misrepresentations of policy provisions and fraudulent procurement pleaded in these counts.

procurement is an entirely different creature than claims handling . . . The *Spence* court was correct that FEMA regulations indicate that the WYO insurance companies do not act as general agents for the federal government and that FEMA intended to ' leave those insurers responsible for their own tortious conduct.' " Messa, 122 F. Supp. 2d at 522. Using this analysis, the procurement allegations of counts VII-IX present triable issues and are not subject to summary judgment.

>Defendant argues that the complaint does not comply with the requirements of Fed. R. Civ. P. 9(b), which dictate that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity."  Rule 9(b) applies to intentional misrepresentation.  Floyd v. Brown & Williamson Tobacco Corp., 159 F.Supp.2d 823, 834 (E.D.Pa.2001).  Moreover, while Rule 9 does not explicitly apply to claims of negligent misrepresentation, some measure of specificity is required.  Id.  The complaint contains allegations of fraud and misrepresentation and does not meet Rule 9(b)'s pleading requirements or those of minimal specificity.  Counts VII-IX will be dismissed without prejudice.  An amended complaint comporting with the strictures and sense of Rule9(b) may be filed by January 17, 2003.  Otherwise, if such an amended complaint if not timely filed, this action will be dismissed in its entirety.

_____
Edmund V. Ludwig, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIA DEVERANT                             :
                                           :   CIVIL ACTION
                                           :
        v.                                 :
                                           :
SELECTIVE INSURANCE CO., INC.              :   No. 02-CV-3801

## **ORDER**

AND NOW this        day of January, 2003,  Counts II  through VI are voluntarily withdrawn;  the motion of defendant Selective Insurance Co., Inc.  for summary judgment is granted on the National Flood Insurance Program claim and on Counts VII through IX as they relate to NFIP claims handling; and granted without prejudice to the filing by January 27, 2003 of an amended complaint that complies with Fed. R. Civ. P. 9(b) as to the procurement allegations of Counts VII through IX.

                                      _____
                                           Edmund V. Ludwig,   J.