UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA DEVERANT<br>1036 Limekiln Pike<br>Maple Glen, Pennsylvania 19002<br><br>　　　　Plaintiff,<br><br>　　versus<br><br>SELECTIVE INSURANCE COMPANY<br>INC.<br>40 Wantage Avenue<br>Branchville, New Jersey 07890<br><br>　　　　Defendant. | CIVIL ACTION NO. 02-CV-3801 |

## RULE 12(b)(6) MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, Defendant, Selective Insurance Company, Inc. ("Selective"), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States"[2] and at the expense of the U.S. Treasury,[3] and respectfully requests that this Honorable Court, pursuant to Fed.R.Civ.P. Rule 12(b)(6), issue an Order dismissing the Plaintiff's Amended Complaint for the foregoing reasons:

　　　　1.　　　Selective contends, as will be more fully explained in the attached memorandum, that Plaintiff's Amended Complaint fails to state a cause of action for fraud and negligent misrepresentation in the procurement of the Standard Flood Insurance Policy that complies with Fed.R.Civ.P. Rule 9(b).

---

[1] 44 C.F.R. Pt. 62.23(f).

[2] *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] *Van Holt v. Liberty Mutual Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998)(on panel rehearing).

--

2. Further, the allegations contained in Paragraphs 17-41 apply to claims handling procedures that have already been summarily dismissed as per the Court's Order of January 10, 2003.

3. As yet another problem, the proposed Amended Compliant fails to set forth a claim that could possibly result in success for the Plaintiff, and, as such, the request to amend the pleadings should be denied based upon the doctrine of futility.

WHEREFORE, Defendant, Selective Insurance Company, Inc., respectfully suggests that the Plaintiff's Amended Complaint fails to state a claim for which relief can be granted, and dismissal of Plaintiff's Amended Complaint is warranted.

Respectfully submitted,

_____
DANIEL D.   KREBBS
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
Telephone: 215-575-2793
Local Counsel for Defendant,
Selective Insurance Company, Inc.

NIELSEN LAW FIRM, LLC
Gerald J. Nielsen,  La.S.B. # 17078
Attorney-in-Charge
The Pelican Building
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
Telephone: 504-837-2500
Of Counsel

--

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on Plaintiff's counsel, Patrick G. Murphy, Esq., Kelley and Murphy, Union Meeting Corporate Center V, 925 Harvest Drive, Suite 160, Blue Bell, Pennsylvania 19422.

                                                                          _____
                                                                          DANIEL D. KREBBS, ESQUIRE

Date: _____
\01_21\LIAB\DDK\LLPG\380922\KSZ\15036\00113

--

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA DEVERANT<br>1036 Limekiln Pike<br>Maple Glen, Pennsylvania 19002<br><br>    Plaintiff,<br><br>    versus<br><br>SELECTIVE INSURANCE COMPANY INC.<br>40 Wantage Avenue<br>Branchville, New Jersey 07890<br><br>    Defendant. | CIVIL ACTION NO. 02-CV-3801 |

### **MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Defendant, Selective Insurance Company, Inc. ("Selective"), appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States"[2] and at the expense of the U.S. Treasury,[3] respectfully requests that this Honorable Court dismiss the Plaintiff's Amended Complaint for the following reasons to wit:

### PROCEDURAL BACKGROUND

On November 15, 2002, Defendant filed a Motion to Quash Jury Demand, Motion to Dismiss State Law Based Claims, and Motion for Summary Judgment. On December 12, 2002, this Honorable Court granted Defendant's Motion to Quash Jury Demand. On January 10, 2003,

---

[1] 44 C.F.R. Pt. 62.23(f).

[2] *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] *Van Holt v. Liberty Mutual Ins. Co.*, 163 F.3d 161 (3rd Cir. 1998)(on panel rehearing).

--

this Honorable Court granted Defendant's Motion for Summary Judgment on the basis that Plaintiff failed to timely submit a signed and sworn proof of loss as per Article VII(J)(4) of the Standard Flood Insurance Policy ("SFIP").  With respect to the Motion to Dismiss State Law Based Claims, this Honorable Court granted Defendant's Motion holding that all state-law-based claims arising out of the claims handling of the Plaintiff's flood loss claim were preempted by federal law.  However, this Honorable Court allowed the Plaintiff to amend her Complaint to address the claim of fraud and misrepresentation in the procurement of the SFIP that complies with Fed.R.Civ.P. Rule 9(b).[1]   On January 27, 2003, Plaintiff filed her Amended Complaint.

### STANDARD OF REVIEW FOR RULE 12(b)(6)

Given the posture in which this case comes to the Court in this Rule 12(b)(6) Motion to Dismiss, all well pleaded <u>facts</u> (as opposed to conclusory allegations) contained within the Complaint are to be accepted as true.  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Schrob v. Catterson*, 948 F.2d 1402 (3rd Cir. 1991).  The claims in question should only be dismissed if no relief could be granted under any set of facts that could be proved. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir. 1990)(citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir. 1988).  The Court may also consider documents attached to the Complaint or documents of public record that are integral to and explicitly relied on in the Complaint.  *Phillips v. LCI International, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).   Motions under Fed.R.Civ.P. Rule 12(b)(6) may be granted if viewing the allegations and all inferences in favor of the non-movant, there is no material issue of fact to resolve, and the moving party is entitled to judgment as a matter of law.  *Leamer v. Fauver*, 288 F.3d 532, 535 (3rd Cir. 2002).

---

[1] The claim of fraud and misrepresentation in the procurement of the SFIP was raised for the first time in Plaintiff's Opposition to Defendant's Motion to Dismiss State Law Based Claims.

--

**LAW AND ARGUMENT**

As an initial matter, Plaintiff's Amended Complaint requests a jury trial. However, this Honorable Court has already granted Defendant's Motion to Quash Jury Trial on December 12, 2002. As such, Plaintiff's request for a jury trial in her Amended Complaint should be stricken. Defendant will now address the issues raised in the Plaintiff's Amended Complaint.

I. **Plaintiff's Amended Complaint Fails to Meet the Heightened Pleading Requirement of Fed.R.Civ.P. Rule 9(b)**

By Order of this Honorable Court dated January 10, 2003, the Plaintiff was allowed to amend her Complaint to address the claim of fraud and misrepresentation in the procurement of the SFIP that complies with Fed.R.Civ.P. Rule 9(b). As such, the only issue remaining before this Honorable Court is whether there are sufficient factual allegations of fraud and misrepresentation made by Defendant Selective to induce the Plaintiff into purchasing the SFIP. Defendant contends that there are insufficient facts pled within the Plaintiff's Amended Complaint that meet the heightened pleading requirement of Fed.R.Civ.P. Rule 9(b). Therefore, Plaintiff's Amended Complaint should be dismissed as it fails to state a claim for which relief may be granted.

In most cases, the Federal Rules of Civil Procedure require only that pleadings contain a short and plain statement of the claim. See Fed.R.Civ.P. Rule 8. However, Rule 9(b) imposes a heightened level of pleading for fraud claims. *In re Rockefeller Center Properties, Inc. Securities Ligitation*, 311 F.3d 198, 215 (3rd Cir. 2002); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994); *Rose v. Bartle*, 871 F.2d 331, 362 n. 53 (3rd Cir.1989). Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements. *In re Burlington Coat Factory*

--

*Securities Litigation*, 114 F.3d 1410, 1418 (3rd Cir.1997).  As such, Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir.1996).

Rule 9(b) provides in pertinent part as follows: " [I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  See Fed.R.Civ.P. Rule 9(b).  Although the particularity demanded by Rule 9(b) differs with the facts of each case, a plaintiff pleading fraud must "at a minimum" set forth "the who, what, when, and where ... before access to the discovery process is granted."  *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1998) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir.1997)).  In other words, under Rule 9(b), the plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud.  See *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-1381, (11th Cir. 1997).  Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim.  See *Tuchman*, *supra*, 14 F.3d at 1067.

Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of fraud with all of the essential factual background that would accompany "the first paragraph of any newspaper story"-- that is, the "who, what, when, where and how" of the events at issue. *In re Burlington*,

--

114 F.3d 1410, 1422 (3rd Cir.1997) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.1990)). In particular, while numerous federal cases have illustrated the need to plead all of the elements of fraud, clearly the identity of the person making the alleged misrepresentation and/or fraudulent statement is obviously the most important of such elements. As such, with regard to the showing of specificity, the courts have repeatedly held that Rule 9(b) requires plaintiffs to identify the source of the allegedly fraudulent misrepresentation or omission. See generally, *In re Rockefeller Center Properties*, *supra*, 311 F.3d at 218 (because the allegation failed to identify the speaker, there was no indication that the speaker had the authority to speak on behalf of defendant); *Novak v. Kasaks*, 216 F.3d 300, 306 (2nd Cir. 2000), *cert. denied* 121 S.Ct. 567 (2000) (complaint must specify statements made, identify speaker, state where and when made, and explain why fraudulent).

    A.    **Count I - Fraud**

In the present matter, in Count I, Paragraph 9 of the Plaintiff's Amended Complaint, Plaintiff alleges fraud in the procurement of the SFIP, by stating that "On or about December 27, 1991, a representative of the defendant hereinafter referred to as "Sales Agent" made a false representation of the material facts to plaintiff by indicating that any and all losses she sustained as a result of flood damage would be covered by the Standard Flood Insurance Policy." In Paragraph 10, Plaintiff alleges that, "On or about December 27, 1991, Sales Agent made a false representation of material fact to plaintiff by indicating that upon sustaining a loss, plaintiff did not need to take any special steps or actions in order to make a claim under the Standard Flood Insurance Policy."

A reading of Paragraph 9 shows that it is clear that the term "Sales Agent" does not even identify the speaker with particularity at all. Without the identity of the speaker making this

--

misrepresentation, how can Defendant be on notice as to who made the misrepresentation and that this person was even authorized to make the representation?  As such, Plaintiff has not satisfied even the basic requirement of Fed.R.Civ.P. Rule 9(b).  Further, it should be noted that the insurance agent is the agent of the insured and not the insurer.  44 C.F.R. §61.5(e).  Thus, even if Plaintiff did identify the speaker to sufficiently put Defendant on notice of the fraudulent misrepresentation, Plaintiff's Amended Complaint must fail as any representations made by the "Sales Agent" regarding the scope of coverage and the requirements in case of loss in Paragraphs 9 and 10, respectively, do not apply to Selective.

Notably, court enforcement of 44 C.F.R. §61.5(e) is critical to the continuing ability of FEMA's fiscal agents to do their jobs for FEMA.  If, as is being attempted in the case at bar, a flood insurance claimant can easily sidestep application of all of the rules put at issue in Selective's previously-filed Motion for Summary Judgment that the Court granted, merely by claiming that an insurance agent said this or that, then the ability of FEMA's fiscal agent to enforce FEMA's rules is in jeopardy.  Upon this subject, this Honorable Court is asked to examine Exhibits A and B, attached hereto.

Exhibit A are relevant pages from FEMA's Litigation Guide to Write-Your-Own Program carriers.  At page 18 of that guide, FEMA explains its view of the dichotomy between insurance agents and insurance companies.  Similarly, Exhibit B is an agency declaration that FEMA provided to a federal judge in California, which explains, most particularly at paragraphs 6 and 9, that FEMA distinguishes between the duties of insurance agents and insurance companies in the context of the NFIP.  Plainly, the Plaintiff at bar is asking this Honorable Court to neuter the ability of FEMA's fiscal agents to enforce FEMA's rules, by blurring a line that FEMA has worked so diligently to create.  Please keep in mind that Plaintiff is not suing the so-

called "Sales Agent," Plaintiff is suing the U.S. Government's fiscal agent upon a claim that the U.S. Government's fiscal agent is liable, in the context of the flood program, for the acts of the "Sales Agent." This line of attack is precluded by 44 C.F.R. §61.5(e).

Further, in Paragraph 9, Plaintiff alleges that what this "Sales Agent" supposedly represented was that any and all losses Plaintiff sustained as a result of flood damage would be covered by the Standard Flood Insurance Policy. Besides being expressly barred by the same 44 C.F.R. §61.5(e), this allegation is contrary to the terms and provisions of the SFIP itself. Please note that the SFIP is a federal codified law found at 44 C.F.R. Pt. 61, App. A(1)(2001 edition). All persons are charged with knowledge of federal law. *Federal Crop Insurance Company v. Merrill*, 68 S.Ct. 1, 3 (1947).[2] Also, please recall that there were other issues presented in Defendant's Motion for Summary Judgment that address the scope of coverage: (1) Plaintiff's claims for damages for personal property contents items as well as building items located in the basement are not covered under Article III(A)(8) of the SFIP; (2) Plaintiff's claims for items located on the first floor are not afforded coverage, as the damages to these items are not caused directly by or from flood; (3) Plaintiff's claims for loss of access to the insured property and additional living expenses are not afforded coverage under Articles V(A)(2) and V(A)(5), respectively; (4) Plaintiff's claim that her property was damaged as a result of soil erosion is not covered under Article V(C); and (5) Plaintiff's claim for damage to landscaping including, but not limited to trees, shrubs, and plants is not covered under Article IV(6) of the SFIP.[3]

---

[2] Please also see Judge Ziegler's opinion in *Brookville Mining Equip Corp. v. Selective Ins. Co. of Amer.*, 74 F.Supp.2d 477 (W.D. Pa. 1999), wherein he explained that based upon *Heckler, infra*, which affirmed *Merrill, infra*, detrimental reliance could not be shown in the context of the NFIP. *Id*. at 481-482.

[3] In its Order dated January 10, 2003, this Honorable Court did not address any of these coverage issues as it granted Defendant's Motion for Summary Judgment on the basis of Plaintiff's failure to timely submit a signed and sworn proof of loss as per Article VII(J)(4) of the SFIP.

--

Therefore, Plaintiff cannot claim that any and all losses Plaintiff sustained as a result of flood would be covered, as the SFIP clearly sets out what is covered flood damage and what is not covered flood damage. To hold otherwise is, with all respect, to hold that a person may escape application of the law to him merely by claiming someone said the law was other than what was truly on the books.

In Paragraph 10, Plaintiff alleges that this "Sales Agent" made misrepresentations regarding the requirements in case of a flood loss. (Selective maintains this Court has already ruled upon this issue.) Article VII(J) of the SFIP clearly sets out the requirement in case of a flood loss. The article is even entitled "Requirements in Case of Loss." In addition, Plaintiff attaches a copy of the SFIP to her Amended Complaint. This is undisputed evidence that Plaintiff had in her possession a copy of the SFIP. Based on *Merrill*, *supra*, Plaintiff should know the terms and provisions of the SFIP, especially Article VII(J)(4) setting out the requirements in case of loss. Thus, it cannot be clearer that the SFIP itself sets out the duty of the Plaintiff and the steps that Plaintiff must take in case of a flood loss. For Plaintiff to argue otherwise would be frivolous.

In Paragraph 14, Plaintiff alleges that, "Defendant's misrepresentations were made with the intent of leading plaintiff to rely on said misrepresentations and to otherwise induce plaintiff into purchasing a policy from defendant." However, this wholly conclusory and self-serving argument is without merit as the SFIP is the only policy of flood insurance available in communities participating in the National Flood Insurance Program. *Garcia v. Omaha Property & Casualty Ins. Co.*, 933 F.Supp. 1064, 1070 (S.D.Fla. 1995), *aff'd* at 95 F.3d 58 (11th Cir. 1995). In other words, if Plaintiff's property is located in a flood zone, there is no other policy of flood insurance that is available to Plaintiff. The SFIP is issued pursuant to the NFIA and the

applicable federal regulations found in Title 44 of the Code of Federal Regulations.  As such, regardless of any representations made by the insurance agent, the only policy of flood insurance available to this Plaintiff is the SFIP.

The Plaintiff has not pled with particularity the necessary elements of fraud meeting the requirements of Fed.R.Civ.P. Rule 9(b) as per the Court's Order of January 10, 2003.  In addition, the claim could not be successful for the reasons noted above.  Therefore, this Honorable Court should dismiss Plaintiff's Amended Complaint as it fails to comply with the Court's Order of January 10, 2003, and it fails to state any claim for which relief may be granted.

**B.     Paragraphs 17–41 Apply to Claims Handling and Not Policy Procurement.**

By Order of this Honorable Court dated January 10, 2003, all state-law-based claims arising out of the claims handling of the Plaintiff's flood loss claim are preempted by federal law.  Further, this same Order mandated that all claims relating to the adjustment of the claim for flood insurance benefits arising out the flood loss that occurred on June 16, 2001 to the property located at 1036 Limekiln Pike in Maple Glen, Pennsylvania were summarily dismissed as Plaintiff failed to timely submit a signed and sworn proof of loss as per Article VII(J)(4) of the SFIP.  Defendant submits that all of the allegations contained in Paragraphs 17-41 deal with the claims handling/adjustment of the flood loss claim and not the procurement of the SFIP.   For instance, Paragraph 25 alleges that, "Upon visiting Plaintiff's residence on or about June 27, 2001, Fleser[4] reiterated Sales Agent's false representation of material fact by indicating to plaintiff that any and all losses she sustained as a result of flood damage would be covered by her Standard Flood Insurance Policy."  Further, in Paragraph 26, Plaintiff alleges that "Upon visiting Plaintiff's residence on or about June 27, 2001, Fleser reiterated Sales Agent's false

--

representation of material fact by indicting to plaintiff that that [sic] she did not need to do anything in order to make a claim under her Standard Flood Insurance Policy and that he would prepare a Proof of Loss on her behalf." Clearly the allegations contained in Paragraphs 25 and 26 apply to claims handling procedures. Because all issues regarding claims handling procedures under the SFIP are summarily dismissed, Plaintiff is clearly attempting to circumvent the Court's Order by trying to re-allege these same issues.

With respect to the allegation contained in Paragraph 26 regarding the independent adjuster providing the proof of loss, this allegation is without merit as per Article VII(J)(7) of the SFIP. Article VII(J)(7) states as follows:

> The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it. 44 C.F.R. Pt. 61, App. A(1), Article VII(J)(7)(2001 edition).

See also, *Wagner, Dir. FEMA*, 847 F.2d 515, 519 (9th Cir. 1988) (SFIP "candidly warns" insured not to rely upon adjuster for completion of proof of loss); *Schumitzki v. FEMA,* 656 F.Supp. 430 (D.N.J. 1987); *McCrary v. FEMA*, 642 F.Supp. 544 (E.D.N.C. 1986). Therefore, Plaintiff's claim that the independent adjuster misrepresented to the Plaintiff that she did not need to do anything in order to make a claim under the SFIP and that the independent adjuster would prepare the proof of loss on her behalf are contrary to law and Article VII(J)(7) of the SFIP.

---

[4] David Fleser was the first independent adjuster who was assigned to assist the insured in presenting her flood loss claim.

--

**II.    Plaintiff's Claim for Fraud is Time Barred**

Pennsylvania's two-year statute of limitations[5] for claims of tort and fraud apply to common-law claims of conversion, legal malpractice, and fraudulent misrepresentation. 42 Pa.C.S. §5524; *Teamsters, Chauffeurs, Warehousemen and Helpers Local 764 v. Greenawalt*, 919 F.Supp. 774 (M.D.Pa. 1996), *affirmed in part*, *vacated in part* 116 F.3d 470 (table decision) (3rd Cir. 1996). In this case, Plaintiff claimed that the fraudulent misrepresentation occurred on or about December 27, 1991. (See Amended Complaint, ¶¶ 9 and 10). However, Plaintiff did not file suit until June 17, 2002. As such, Plaintiff's claim is time barred and should be dismissed.

**III.    Duty to Read the Insurance Policy**

In Paragraphs 10 and 25 of the Plaintiff's Amended Complaint, Plaintiff alleges that the "Sales Agent" and independent adjuster, respectively, made misrepresentations by indicating that any and all losses she sustained as a result of flood damage would be covered by her Standard Flood Insurance Policy. Further, in Paragraph 11, Plaintiff alleges that the Sales Agent represented to her that she did not need to do anything in order to make a claim under her Standard Flood Insurance Policy. However, this claim ignores the fact that the SFIP is itself a codified federal law, and all persons are charged with knowledge of the published federal laws - especially those participating in a U.S. Treasury-funded insurance program! See *Federal Crop Insurance Company* v. *Merrill,* 68 S.Ct. 1, 3 (1947). The principle established by the Supreme Court in *Merrill, supra*, that persons who deal with the government are presumed to know the

---

[5] Effective February 18, 1983, the Pennsylvania statute of limitations for fraud was reduced from six to two years. See Former 42 Pa.Cons.Stat. Ann. § 5527(6) (Purdon 1981) and the current statute 42 Pa.C.S.A. § 5524; *A.J. Cunningham Packing Corp. v. Congress Financial Corp.*, 792 F.2d 330, 332-33 (3d Cir.1986).

regulations applicable to their dealings, was reaffirmed twice by the Supreme Court. See *Schweiker v. Hansen,* 101 S.Ct. 1468 (1981) and *Heckler v. Community Health Services of Crawford County, Inc.,* 104 S.Ct. 2218 (1984). The requirements in case of loss and especially the requirement to timely submit a proof of loss is clearly set out in Article VII(J) and VII(J)(4), respectively. Therefore, under federal law, the law is clear that a claimant cannot claim ignorance of the requirements set out by the SFIP as it is a codified federal law.

Defendant submits that even under state law, there is a clear duty to read and know the terms and provisions of an insurance policy. The Pennsylvania Supreme Court made patently clear in *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563 (1983), that where "the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it." *Id.*, 503 Pa. at 307, 469 A.2d at 567. See also, *Patula v. Northwestern National Insurance Co. of Milwaukee*, 329 Pa.Super. 321, 478 A.2d 488 (1984). As such, while a determination as to the reasonable expectations of the insured must be based upon the totality of the insurance transaction involved, an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous. *Bateman v. Motorists Mutual Ins. Co.*, 527 Pa. 241, 244- 246, 590 A.2d 281, 283 (1991); *St. Paul Mercury Insurance Co. v. Corbett*, 428 Pa.Super. 54, 58-60, 630 A.2d 28, 30 (1993). Therefore, if the language of an insurance policy is clear and unambiguous, an insured does not have a colorable claim against an insurer in the event of a coverage dispute on the basis that he did not read or understand the policy. *Worldwide Underwriters Insurance Co. v. Brady*, 973 F.2d 192, 194 (3rd Cir.1992); *Pacific Indemnity Co. v. Linn*, 766 F.2d 754, 761 (3rd Cir. 1985).

--

In this case, it cannot be clearer that Plaintiff is required under both state law and federal law to know the terms and conditions of the SFIP. For Plaintiff to argue that her "Sales Agent" represented to her that any and all the losses she sustained as a result of flood damage would be covered and that she did not need to do anything in order to make a claim under the SFIP is absurd and contrary to law.

## IV.    The Doctrine of Futility

Selective next asks the Court to consider that even if it were the case that a so-called "Sales Agent" and an "adjuster" did indeed make misrepresentations as to the scope of coverage of the U.S. Government's Standard Flood Insurance Policy, such could not possibly lead to any type of recovery of this Plaintiff in this case. As such, the amendment should be allowed based upon the doctrine of futility.[6] The reason for this assertion is that this Honorable Court has already ruled that the claim is barred because of the Plaintiff's failure to properly present the claim with a timely, complete and sworn proof of loss. The claim is barred.

As a matter of federal law, FEMA expressly barred tort-based arguments designed to *get around* enforcement of its proof of loss requirement. In the early 1980's, three courts have held that FEMA could be estopped from enforcing its proof of loss requirement because of what an individual had said to a claimant.[7] To stop this tactic, FEMA added what is Article VII(J)(7) of the policy, that being the same provision discussed earlier in this Memorandum. Subsequent to FEMA's inclusion of that article within the text of the SFIP, federal courts have uniformly

---

[6] The U.S. Third Circuit held in *Walton v. Mental Health Ass'n of Southeastern Pennsylvania*, 168 F.3d 661, 665 (3rd Cir. 1999) that a trial court may consider whether allowing an amendment to the pleadings would be futile.

[7] See *Meister Bros. v. Macy*, 674 F.2d 1174 (7th Cir. 1982); *Dempsey v. Dir. of FEMA*, 549 F.Supp. 1334 (E.D. Ark. 1982); and *Hidenfelter v. Dir. of FEMA*, 603 F.Supp. 434 (W.D.Mich. 1985).

--

rejected all manner of arguments and tactics designed to claim that one could escape the impact of strict enforcement of the proof of loss requirement, based upon who said what to whom and when.

Among the many examples of such holdings, this Honorable Court is asked to examine the U.S. Sixth Circuit's decision in *Neuser v. Hocker-Frick*, 246 F.3d 508 (6th Cir. 2001). In *Neuser*, it was claimed that the independent insurance agent had committed various torts relating to the handling of that plaintiff's flood insurance policy, and that "but for" the acts and omissions of the agent, that the insurance company would have paid the plaintiff's flood claim. Both the district court and the appellate court in *Neuser* rejected the argument. Their reasoning was that because the plaintiff had failed to preserve the claim by properly and timely filing a proof of loss, that the plaintiff could not then claim that "but for" what the agent did, that the claim would have been paid. 246 F.3d at 511. Also, the inability of the Plaintiff to establish "but for" causation was the core reason the negligent misrepresentation claim was dismissed in *Garcia v. Omaha, supra*, 933 F.Supp. at 1070.

The exact same situation exists at bar. Federal law clearly mandates both that there must be a proper proof of loss in the insurer's file by a certain date, and, that absolutely no excuses will work to avoid application of this requirement. 44 C.F.R. Pt. 61, App. A(1), Art VII(J)(4) and VII(J)(7). This Honorable Court reviewed the plethora of caselaw enforcing these requirements when it granted Selective's prior Motion for Summary Judgment. Now, the Plaintiff is seeking to escape federal laws directly on point through a pleadings artifice, and a specific pleadings artifice that every court in the land and FEMA has rejected since Article VII(J)(7) was added to the policy in the mid-1980s.

--

Accordingly, specifically because there is no proof of loss, this Plaintiff cannot show that "but for" the acts or omissions of the "Sales Agent" and others, that her claim would have been paid. Accordingly, the Amended Complaint fails to state a claim upon which relief can actually be granted, and, as such, the requested amendment should be denied based upon the doctrine of futility.

## V. Material Misrepresentations By Plaintiff

Finally, Selective would add this note of caution. Its role and posture in this matter is as the fiscal agent and fiduciary of the United States. Its duty is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. Pt. 62.23(f).

In the matter at bar, it is respectfully apparent that this Plaintiff is now making frivolous and inaccurate claims of misrepresentation by others for the specific purpose of defeating application of FEMA's rules and regulations. If it becomes provable in this case that _any_ of the newly proposed claims now presented in the Amended Complaint are not founded in fact, then at the very least Plaintiff's policy will be thereby rendered void, and, Plaintiff will likely be barred from further participation in the National Flood Insurance Program. Also, if any of Plaintiff's claims turn out to be a material misrepresentation leading to the policy being void, then yet again there cannot be a claim of "but for" causation.

## VI. The Big Picture

As the Court is aware from its prior research in this case, the body of caselaw governing the NFIP's Write-Your-Own Program is a work in progress. As the caselaw develops, it is becoming increasingly clear that _all_ tort-law-based claims relating to claims handling are absolutely barred by federal law, but that there are at least _some_ state-law-based claims that can have application in policy procurement issues. Counsel for claimants such as Ms. Deverant, who

--

can read the exact same caselaw available to the Court and to defense counsel, are now commencing to make an end-run around the preemption of FEMA's rules in terms of claims handling, by making frivolous claims of improprieties at the time of sale of these policies.

The cost of these litigation tactics has and will be borne by FEMA. If it is the case that the claims are legitimate and legitimately presented, that is one thing. However, if, as is likely in this case, it is merely an unsupportable litigation tactic, designed to extract a settlement from the government's fiscal agent, then the tactic is wholly inappropriate particularly given that the claim is one for U.S. Government funds.

Respectfully, the Court is therefore asked to ponder whether this Plaintiff is proceeding in good faith with a legitimate claim of tort-based liability, or, whether this is a mere tactic where the claims are being driven by what is being seen in the developing caselaw, rather than the actual facts of this one dispute.

## CONCLUSION

Plaintiff's Amended Complaint is, in reality, an artful attempt to circumvent the Court's Order summarily dismissing the Plaintiff's flood loss claim. Plaintiff has not articulated any fact to put Defendant on notice that it somehow made fraudulent misrepresentation to induce the Plaintiff into purchasing a SFIP. In fact, Plaintiff has not even identified who made the alleged

misrepresentation. Based on the allegations stated in the Plaintiff's Amended Complaint, Plaintiff cannot state any facts with particularity that there were any misrepresentations made to the Plaintiff during the procurement of the SFIP that meets the requirements of Fed.R.Civ.P. Rule 9(b). No claim is stated in any event for the numerous reasons discussed herein. Therefore, Plaintiff's Amended Complaint should be dismissed as it fails to state a claim for which relief may be granted.

Respectfully submitted,

_____
DANIEL KREBBS
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
Telephone: 215-575-2793
Local Counsel for Defendant,
Selective Insurance Company, Inc.

NIELSEN LAW FIRM, LLC
Gerald J. Nielsen  La.S.B. # 17078
Attorney-in-Charge
The Pelican Building
2121 Airline Drive, Suite 200
Metairie, Louisiana 70001
Telephone: 504-837-2500
Of Counsel

Date: _____
\01_21\LIAB\DDK\LLPG\380920\KSZ\15036\00113

--