IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA DEVERANT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-3801 |
| SELECTIVE INSURANCE COMPANY, INC. | : | |

**ORDER - MEMORANDUM**

AND NOW, this 25th day of March, 2004, defendant Selective Insurance Company's "Rule 12(b)(6) Motion to Dismiss" the amended complaint is granted, Fed. R. Civ. P. 12(b)(6).[1]

Jurisdiction is federal question in this action under an insurance policy issued to plaintiff Maria Deverant by defendant pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 et seq.[2]  The amended complaint alleges fraud and negligent

---

[1] "In considering a motion to dismiss [under Rule 12(b)(6)], a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff. . . . A court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Lum v. Bank of America, – F.3d –, 2004 WL 485476, at *3 (3d Cir., Mar. 11, 2004) (citations omitted).

[2] By order dated January 7, 2003, Counts II through VI of plaintiff's original complaint were voluntarily withdrawn, and summary judgment was granted in defendant's favor on the National Flood Insurance Program claim and on Counts VII through IX as they related to NFIP claims handling. Plaintiff was permitted to file an amended complaint alleging fraud and misrepresentation with the specificity required by Fed. R. Civ. P. 9(b). See Deverant v. Selective Ins. Co., No. 02-3801, 2003 WL 21282184 (E.D. Pa., Jan. 7, 2003) (underlying facts set forth in accompanying memorandum).
   On January 27, 2003, plaintiff filed an amended complaint alleging fraud and negligent misrepresentation in the procurement of the Standard Flood Insurance Policy. There is no diversity jurisdiction because the amount in controversy is approximately $37,000. However, there is subject matter jurisdiction over plaintiff's state law claims under 42 U.S.C. § 4072 because this case implicates the disposition of federal funds by a fiscal agent of the United States. See Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 167 (3d Cir. 1998) (42 U.S.C. § 4072 conferred jurisdiction on district court over

misrepresentation in the procurement of her policy. Specifically, an unidentified agent of defendant insurer is alleged to have told her the following: "Any and all losses sustained as the result of flood damage, would be covered by the Standard Flood Insurance Policy;" and "upon sustaining a loss, plaintiff did not need to take any special steps or actions in order to make a claim under the Standard Flood Insurance Policy." Amended Complaint, ¶¶ 9, 10. Further, it is alleged that "[p]laintiff did not know that defendant's misrepresentations were false," and she "purchased a Standard Flood Insurance Policy from defendant," in reliance on those representations. Amended Complaint, ¶¶ 15, 16.

These fraud and negligent misrepresentation allegations are insufficient. They do not evince a critical element of both claims - reasonable reliance[3] - in that an insured is charged by law with constructive knowledge of the contents of the SFIP, which are

---

breach of good faith claim and claim under New Jersey Consumer Fraud Act related to SFIP, explaining "because [defendant] is a fiscal agent of the United States, FEMA would have borne the costs of the plaintiffs' insurance claim, and FEMA is obliged to reimburse [defendant] for the defense costs."). See also Summit Family Practice, P.C. v. The Philadelphia Contributionship Ins. Co., No. 02-3783, 2003 WL 21250644, at *2-*3 (E.D. Pa., Mar. 19, 2003) ("a WYO insurer is a fiscal agent of the United States, which bears ultimate responsibility for paying flood insurance losses.").

[3] "To state a cause of action for fraud, Pennsylvania law requires the showing of 1) a misrepresentation; 2) a fraudulent utterance thereof; 3) an intention by the maker that the recipient will thereby be induced to act; 4) justifiable reliance by the recipient upon the misrepresentation; and 5) damage to the recipient as the proximate result." Permenter v. Crown Cork & Seal Co., Inc., 38 F.Supp.2d 372, 381-82 (E.D. Pa. 1999), aff'd, 210 F.3d 358 (3d Cir. 2000) (citations omitted). Elements of a negligent misrepresentation claim under Pennsylvania law are: "(1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrepresentation without knowledge of its falsity or must make the misrepresentation under circumstances in which he ought to know if its falsity; (3) the representor must intend the misrepresentation to induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation." Borough of Lansdowne, Pennsylvania v. Sevenson Environmental Services, Inc., No. 99-3781, 2000 WL 1886578, at *5 (E.D. Pa., Dec. 12, 2000) (citations omitted).

published at 44 C.F.R. Pt. 61, App. A, 42 U.S.C. §§ 4013 and 4019.[4] Even assuming, as the amended complaint asserts, that defendant's agent intentionally misrepresented the scope of the available coverage under the SFIP and the procedure for making a claim, plaintiff was not entitled to rely on those misrepresentations.[5]

Given this indisputable conclusion, it is not necessary to rule on defendant's statute of limitations defense.

BY THE COURT:

_____
Edmund V. Ludwig, J.

---

[4] Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 63 (1984) (citations omitted) ("Protection of the public fisc requires that those who seek public funds act with scrupulous regard for the requirements of the law. . . . This is consistent with the general rule that those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to the law."); Federal Crop Ins. Corp v. Merrill, 332 U.S. 380, 384 (1947) (citations omitted) ("Just as everyone is charged with knowledge of the United States Statutes at Large, Congress has provided that the appearance of rules and regulations in the Federal Register gives legal notice of their contents.")

[5] Heckler, 467 U.S. at 63 ("Those who deal with the government are expected to know the law and may not rely on the conduct of Government agents contrary to the law.") (citations omitted).  See also Petersen v. National Flood Ins. Program, 200 F.Supp.2d 499, 505 (E.D. Pa. 2002), citing Messa v. Omaha Prop. & Cas. Ins. Co., 122 F.Supp.2d 523, 532 (D.N.J 2000) (granting summary judgment on plaintiffs' estoppel claim premised on representations of NFIP agents regarding filing of proof of loss and supplemental claims because "plaintiffs cannot satisfy the reasonable reliance element of an estoppel claim 'as they must be presumed to know the law requiring the return of a proof of loss statement.'")